```
                   UNITED STATES DISTRICT COURT
                              FOR THE
                   MIDDLE DISTRICT OF PENNSYLVANIA

DANIEL LEWIS, also known as    :
NASEER SHAKUR,                 :
                               :
          Plaintiff            :    No. 1:12-CV-02208
                               :
     vs.                       :    (Judge Kane)
                               :
JOHN WETZEL, et al.,           :
                               :
                               :
          Defendants           :
```

ORDER

In accordance with the accompanying memorandum, **IT IS HEREBY ORDERED THAT:**

1. As set forth in ¶¶ 2 through 5, Defendants' motion to dismiss (Doc. 35) is **GRANTED** other than with respect to one verbal harassment claim against Defendant Lehman which escalated into violence and the claims against Defendant Mitchell.

2. Lewis's claims for damages against the Defendants, in their official capacities are **DISMISSED**.[1]

3. Lewis's conspiracy claims against all of the Defendants are **DISMISSED**.[2]

---

1. It would be futile to allow Lewis to file a second amended complaint with respect to the official capacity claims.

2. In light of the court's discussion in the accompanying memorandum, the fact that this case was filed originally over three years ago and the fact that Lewis already has had one opportunity to amend the complaint, the court concludes it would be inequitable to *sua sponte* permit Lewis to file a second amended complaint. See Fletcher-Harlee Corp. V. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007); Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). Federal
(continued...)

      4. Lewis's verbal harassment claims other than with respect to Defendant Lehman are **DISMISSED**.[3]

      5. Lewis's claims against Defendants Wetzel, Bickell, Lawler, Green, Garman, MacIntyre, Lewis, Beard, Barnacle and Varner are **DISMISSED**.[4]

      6. Lewis's claims against Defendants Eckard, Keller and Corbin relating to their handling of grievances or appeals of grievances or disciplinary proceedings are **DISMISSED** pursuant to screening provisions of the PLRA without prejudice.[5]

      7. Lewis's claims against Defendant Johnson are **DISMISSED** pursuant to the screening provisions of the PLRA without prejudice.[6]

      8. Lewis's claims against Defendants Corbin, Keller and Eckard relating to the statement in the PRC report that he was engaging in manipulative behavior and their denial of a transfer

---

2. (...continued)
Rule of Civil Procedure 15(a) provides that "[a] party may amend it pleading once as a matter of course within [] 21 days" of serving it or where a responsive pleading is required within 21 days of being served with the responsive pleading or a Rule 12(b) motion. However, in all other cases the plaintiff may file an amended complaint only with the written consent of the opposing party or upon leave of court. Lewis after receiving Defendants' 12(b)(6) motion to dismiss did not within 21 days file a second amended complaint.

3. Id.

4. Id.

5. Id.

6. Id.

2

to another prison is **DISMISSED** pursuant to the screening provisions of the PLRA without prejudice.[7]

9.   Lewis's due process claims leveled against Defendant Mitchell are **DISMISSED** pursuant to the screening provisions of the PLRA without prejudice.[8]

10.  Lewis's claims leveled against Defendants Heaster, Cook, Lehman, Goss, Fogel, Corbin and McDermott with respect to the alleged false misconduct reports are **DISMISSED** pursuant to the screening provisions of the PLRA without prejudice.[7]

11.  The claims remaining are the Eighth Amendment excessive force claims relating to the April 7, 2011, incident involving Defendants Lehman, McDowell, McDermott and Dunkel and the June 8, 2011, incident involving Defendants Corbin, Kyle, Riggleman, and Fogel.  Also, the verbal harassment claim against Lehman and Lewis's claims under the Fourth Amendment relating to being subjected to nude photography in October 2010, and January 2011, by Defendant Fogel remain.

    S/ Yvette Kane
Yvette Kane
United States District Judge

Date: December 21, 2015

---

7.   <u>Id.</u>

8.   <u>Id.</u>

7.   <u>Id.</u>